IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TERRY BRUINTON, | : | |
| Petitioner, | : | |
| v. | : | Civ. Act. No. 15-509-LPS |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
| Respondents.[1] | : | |

Terry Bruinton. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

**MEMORANDUM OPINION**

September 24, 2018
Wilmington, Delaware

---

[1] Warden Robert May has replaced former Warden G.R. Johnson, an original party to this case. See Fed. R. Civ. P.

STARK, U.S. District Judge:

Pending before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Terry Bruinton ("Petitioner"). (D.I. 1) The State filed an Answer in opposition. (D.I. 7) For the reasons discussed, the Court will deny the Petition.

## I. BACKGROUND

On July 21, 2014, Petitioner pled guilty to drug dealing. (D.I. 7 at 2) The Superior Court immediately sentenced him to eight years at Level V incarceration, with credit for 26 days previously served, suspended after six months for three months at Level IV home confinement, followed by one year at Level III probation. (*Id.*)

On July 23, 2014, Petitioner pled guilty to criminal trespass and offensive touching. (D.I. 7 at 2-3) That same day, the Superior Court sentenced him as follows: (1) criminal trespass – one year at Level V, suspended for one year at Level III; and (2) offensive touching – 30 days at Level V. (D.I. 7 at 3)

On February 19, 2015, Delaware Department of Correction officials filed an administrative warrant charging Petitioner with a violation of probation ("VOP") with respect to the three convictions listed above. (D.I. 7 at 3) A VOP report was filed on March 4, 2015. (D.I. 9-10 at 1-10) On March 26, 2015, the Superior Court found that Petitioner committed a VOP for all three convictions and sentenced him as follows: (1) offensive touching – discharged as unimproved; (2) drug dealing – seven years at Level V, suspended after 18 months for one year at Level III; and (3) criminal trespass – one year at Level V, suspended for one year at Level III. (D.I. 7 at 3; D.I. 9-11 at 1-3) Petitioner appealed, and the Delaware Supreme Court dismissed the appeal as untimely on May 28, 2015. *See Bruinton v. State*, 115 A.3d 1214 (Table), 2015 WL 3454613 (Del. May 28, 2015).

## II. DISCUSSION

A federal court may consider a habeas petition filed by a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations of state law issues. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[s]tate courts are the ultimate expositors of state law"); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that claims based on errors of state law are not cognizable on habeas review).

In his sole ground for relief, Petitioner asserts that his March 2015 VOP sentence did not comply with Delaware's violation of probation policy. (D.I. 3 at 3) He contends that his sentence of 18 months at Level V was improper because an offender can only be sentenced to a higher level if he committed a new charge or had aggravating circumstances, and his VOP was due to violating his curfew. (D.I. 1 at 5) Since this argument challenges a state court sentencing decision based on state law, it does not assert an issue cognizable on federal habeas review. *See Luckett v. Carroll*, 2005 WL 2293911, at *6 n.7 (D. Del. Sept. 21, 2005) (refusing to consider claim that technical VOP did not warrant re-imposition of suspended prison sentence, for failing to allege federal question); *see also McCleaf v. Carroll*, 416 F. Supp. 2d 283, 288 n. 3 (D. Del. 2006). Accordingly, the Court will deny the Petition in its entirety for failing to present a proper basis for federal habeas relief.

## III. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the
2

constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the Petition does not warrant relief, and reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied in its entirety without a hearing. An appropriate Order will be entered.